(118 App. Div. 571)

ASSETS REALIZATION CO. v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   March 6, 1907.)

SET-OFF—ASSIGNEE OF CLAIM—RIGHTS OF ASSIGNOR'S CREDITOR.

    Where a bankrupt was declared insolvent December 22, 1904, and at that time owed a city, and June 8, 1905, the receiver assigned a claim against the city, which was allowed by the mayor and council June 12, 1905, the city could offset enough of its claim to extinguish the assignee's claim; it being no objection that, when the bank became insolvent, the bank's claim was unliquidated, and that the city could have legally disallowed it.

    McLennan, P. J., and Robson, J., dissenting.

Appeal from Special Term, Erie County.

Action by the Assets Realization Company against the city of Buffalo. From an interlocutory judgment sustaining a demurrer to the answer and directing judgment for plaintiff, defendant appeals. Reversed, and demurrer overruled.

It appears from the plaintiff's complaint that the German Bank of Buffalo was the owner of certain premises situate in that city from about September

24, 1902, until on or about the 1st day of August, 1903, when it sold the same, reserving to itself, however, all rights and claims for damages or injury to the premises by reason of any grade crossing or change of street grade, or work whereby the property had been injured or damaged; that the premises had been theretofore damaged by grade crossing improvements, and that the defendant, the city of Buffalo, in and during the year 1901, caused to be built a viaduct in Babcock street in the vicinity of the premises, causing damage thereto in an amount exceeding $980.70; that by an act of the Legislature of the state passed about April 28, 1904, discretionary power and authority was conferred upon the common council of the city of Buffalo, subject to the approval of the mayor, to audit, adjust, and allow, in whole or in part, certain claims and demands, among others the said claim of the German Bank; that thereafter, and on or about June 12, 1905, the common council, with the approval of the mayor, did audit and allow said claim at the sum of $980.70. The German Bank was declared insolvent by a judgment of the Supreme Court on the 22d day of December, 1904, and a receiver was appointed of all its assets and property. Thereafter, and on the 8th day of June, 1905, the receiver assigned the said claim and certain other assets and property to the plaintiff. By the defendant's answer it appears that at the time the German Bank was adjudged insolvent and a receiver appointed of its property and assets there was due and owing from the German Bank to the city of Buffalo, the defendant, the sum of $114,822.85 on account of certain deposits theretofore made by the city with said bank, under certain terms and conditions which need not be referred to at length here. No part thereof had been paid, except the sum of $57,411.42, leaving due and owing to the city the sum of $57,411.43. These facts were embodied in the defendant's answer as a counterclaim; the defendant demanding a judgment that so much thereof be set off against the plaintiff's claim as was necessary to extinguish the plaintiff's cause of action. To this counterclaim the plaintiff demurred, and the demurrer was sustained at Special Term.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Louis E. Desbecker, Corp. Counsel, and John W. Ryan, for appellant.

Frank M. Spitzmiller, for respondent.

KRUSE, J. We agree to the general proposition that claims or demands sought to be set off must not only be mutual to the extent that they are owing by each to the other, but must also be due and payable. But this rule is not without its exceptions. And one of the exceptions is that where an insolvent makes an assignment owing a debt due at the time of the assignment, and also holding a claim not then due against the creditor whom he so owes, the creditor may offset his claim against the claim held by the assignee of the insolvent. In such a case the rule of equitable set-off may be invoked, and the fact that the debt owing to the insolvent is not due when he makes an assignment does not prevent the set-off in equity; for it is only the difference in the mutual debts which the court in such case will regard as the sum owing by or to the insolvent. Matter of Hatch, 155 N. Y. 401, 50 N. E. 49, 40 L. R. A. 664.

We think the case of Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456, and kindred cases, not inconsistent with this view. In the Fera Case neither claim was due at the time of the assignment, and the offset was there refused. But there is nothing in that case which holds that, if the demand of the creditor of the insol-

vent had been due at the time of the assignment, the set-off could not be allowed against the claim of the insolvent, although not due at the time of the assignment. The reason it was not allowed in that case was because the claim of the creditor was not due at the time of the insolvency and assignment. This distinction is pointed out in the Hatch Case, and is again recognized in the case of De Camp v. Thomson, 159 N. Y. 444, 448, 54 N. E. 11, 70 Am. St. Rep. 570.

It is contended, however, on the part of the plaintiff, that at the time of the bank's insolvency the bank in fact had no claim against the city, it being entirely optional with the common council and the mayor to audit the claim or any part of it; that, had the city officers seen fit not to have allowed the claim, the bank would have been entirely remediless; that, at most, it was only based upon a moral consideration; and that its legal inception was long after the bank became insolvent and passed into the hands of a receiver, and even after the assignment by the receiver to the plaintiff. However that may be, a sufficient answer to that suggestion is that the city officers did not take that view of the claim presented by the bank. They recognized its validity and made an award therefore, and whatever substance there is to the claim which is now sought to be enforced against the city by the plaintiffs as assignees of the receiver of the bank is based upon the recognized obligation of the city to pay the damages for injuries to the land belonging to the German Bank. It matters not whether the claim is founded upon equitable considerations or legal liability, or a mere moral obligation on the part of the city, the plaintiff's right is founded entirely upon this claim made by the bank against the city, and transferred by the receiver of the bank to the plaintiffs. It may be said in passing that if this award is to be regarded as having no substantial foundation, but is a mere gratuity, it is difficult to see how there is any enforceable claim against the city by the German Bank or its receiver, much less by the plaintiff. There is certainly no shadow of a claim against the city in favor of the plaintiffs other than that which the plaintiffs have acquired through this assignment from the receiver of the bank.

Nor is it an objection to the set-off that, when the bank became insolvent and its assets passed into the hands of a receiver, the claim against the city was unliquidated and in an inchoate and dormant state, since it passed to the receiver and from the receiver to the plaintiff as an asset burdened with the right of an equitable set-off which the city had. As soon as the claim of the bank was adjusted and the award made, the right to set off the claim of the city against the bank which had been due since the receivership began, attached, and became effective, and wiped out the claim of the bank represented by this award; the award being less than the amount owing to the bank.

We think the demurrer was improperly sustained. The interlocutory judgment should therefore be reversed, and the demurrer overruled, with costs of this appeal and in the court below, with leave, however, to the plaintiffs to plead over upon payment of costs. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.