## LAFAYETTE TRUST CO. v. HIGGINBOTHAM et al.

(Supreme Court, Appellate Division, Second Department.  March 4, 1910.)

BANKS AND BANKING (§ 17*)—PARTIES (§ 6*)—PLAINTIFFS—REAL PARTY IN IN-
TEREST.
    Laws 1892, c. 689, § 18, as amended by Laws 1908, c. 143, § 3, authorizes
the state superintendent of banks to take possession of the property and
business of any corporation and individual banker, when it appears that
such bank is doing business in an unsafe or unauthorized manner, and re-
tain possession till the bank resumes business, collect money due the
bank, collect all debts due and claims belonging to it, and upon an order
of the Supreme Court sell or compound doubtful debts or sell its realty,
pay all debts of the corporation, and do other acts necessary to conserve
its assets, and further provides that the corporation may resume busi-
ness upon conditions approved by the superintendent.  *Held*, that the
statute did not directly deprive a bank, in the hands of the superintend-
ent, of title to its assets, or vest it in the superintendent, so that a bank
in the hands of the superintendent was the real party in interest, and the
proper party plaintiff in an action on a promissory note owned by it.

    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 17;*
Parties, Dec. Dig. § 6.*]

Appeal from Special Term, Kings County.

Action by the Lafayette Trust Company against E. Gaston Higgin-
botham and others.  From a judgment for plaintiff, defendant Higgin-
botham appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOM-
AS, JENKS, and CARR, JJ.

J. Stewart Ross, for appellant.

Almet Reed Latson (Evan L. Tamblyn, on the brief), for respond-
ent.

THOMAS, J.  On November 4, 1908, the summons herein was
served, but before service thereof and on the 5th day of February,
1909, the superintendent of banks of the state of New York took pos-
session of the Lafayette Trust Company, the plaintiff, pursuant to
chapter 143 of the Laws of 1908, since which time the corporation has
been in process of liquidation.  Section 18 of that act provides as fol-
lows:

"The superintendent may forthwith take possession of the property and
business of such corporation or individual banker, and retain such possession
until such corporation or individual banker shall resume business, or its af-
fairs be finally liquidated as herein provided.  * * *  Such corporation or
individual banker may, with the consent of the superintendent, resume busi-
ness upon such conditions as may be approved by him.  Upon taking posses-
sion of the property and business of such corporation or individual banker the
superintendent is authorized to collect moneys due to such corporation or in-
dividual banker, and do such other acts as are necessary to conserve its as-
sets and business, and shall proceed to liquidate the affairs thereof as here-
inafter provided.  The superintendent shall collect all debts due and claims
belonging to it, and upon the order of the Supreme Court may sell or com-
pound all bad or doubtful debts, and on like order may sell all the real and
personal property of such corporation or individual banker on such terms as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the court shall direct; and may, if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders."

The section further provides that when the superintendent shall have paid every depositor and creditor, and made certain other provisions, he shall call a meeting of the stockholders, where they shall determine "whether the superintendent shall be continued as liquidator and shall wind up the affairs of such corporation, or whether an agent or agents shall be elected for that purpose." The statute does not directly deprive the corporation of its title to the assets—in the present instance a promissory note—nor does it vest the same in the superintendent. He is a custodian and a liquidator. The corporation is not extinguished; the statute provides for its resuming the business. I consider that the functions of the superintendent are those of superintendence, of a collector and manager, and that the corporation is the real party in interest for the purposes of the action.

Some aid is gained from the decisions under acts of Congress relating to national banking associations. The forty-sixth section of the act of June 3, 1864 (13 Stat. 113, c. 106), provides that upon the failure of the association to redeem its circulating notes, and upon certain prescribed proceedings thereon—·

"it shall not be lawful for the association suffering the same to pay out any of its notes, discount any of its notes or bills, or otherwise prosecute the business of banking, except to receive and safely keep money belonging to it, and to deliver special deposits."

The fiftieth section provides that upon such default appearing—

"the Comptroller of the Currency may forthwith appoint a receiver, * * * who * * * shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to such association, and upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, sell all the real and personal property of such association, on such terms as the court shall direct. * * * And such receiver shall pay over all money so made to the Treasurer of the United States, subject to the order of the Comptroller. * * * And from time to time the Comptroller * * * shall make a ratable dividend * * * on all such claims as may have been proved to his satisfaction, or adjudicated in a court of competent jurisdiction."

In Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. Ed. 840, it appears that the defendant in error sued the First National Bank of Bethel, and the latter defended upon the ground that it could not be sued, because it was under the control and in the possession of a duly appointed receiver, and therefore—

"incapable of self-defense, and entitled to the legal protection and guardianship thrown about it by the law."

The court decided, however, that suits may be brought by the receiver, both at law and in equity, and he may sue in his own name or in the name of the association for his own use.

In Bank v. Kennedy, 17 Wall. 19, 21 L. Ed. 554, it was again said, in reply to objection:

"We have already decided in the case of this very receiver that he may bring suit in his own name or use the name of the association."

The reference is to Kennedy v. Gibson, 8 Wall. 506, 19 L. Ed. 476. The opinion continues:

"The subject was also lately discussed in the case of Bank of Bethel v. Pahquioque Bank" [14 Wall. 383, 20 L. Ed. 840], "and the same views were held."

In Chicago Fireproofing Co. v. Park Nat. Bank, 145 Ill. 487, 32 N. E. 536, the question again arose under the federal act, and it was reasserted that:

"After the appointment of a receiver, he no doubt had the right to take possession of the assets of the bank and collect the notes and other obligations due the bank. But a note payable to the bank might be sued in the name of the bank, or in the name of the receiver, as he might elect."

These decisions help to the conclusion that the action is properly in the name of the corporation.

The judgment should be affirmed, with costs. All concur.