## NORTHERN BANK OF NEW YORK v. DRURY.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

BANKS AND BANKING (§ 229*)—INSOLVENCY—JUDGMENTS AFTER POSSESSION BY SUPERINTENDENT OF BANKS—LIEN.

    A judgment recovered against a bank after the Superintendent of Banks has taken possession thereof pursuant to Banking Law (Consol. Laws 1909, c. 2) § 19, authorizing the Superintendent on taking possession of a bank to liquidate its affairs and pay the creditors ratable dividends, is not a lien on the property of the bank; the purpose of the statute being to secure an equitable distribution of all its assets among all its creditors.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 875, 876; Dec. Dig. § 229.*]

Submission of controversy pursuant to Code Civ. Proc. § 1279, between the Northern Bank of New York and John M. Drury. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Henry H. Abbott, of New York City, for plaintiff.

McLAUGHLIN, J. On the 27th of December, 1910, the Superintendent of Banks took possession of the plaintiff pursuant to section 19 of the Banking Law, and has since been in possession of all its property, and engaged in liquidating its affairs. On that date the plaintiff was the owner of certain premises in the county of New

York known as No. 112 West Sixty-Ninth street, and on March 29, 1912, entered into a contract, through the Superintendent of Banks, to sell the same to the defendant free and clear of all incumbrances. Pursuant to section 19 of the Banking Law, an order was obtained from the Supreme Court, authorizing the execution and delivery of a deed upon the terms mentioned in the contract. After the Superintendent of Banks had taken possession of the plaintiff, several judgments were recovered against it and docketed in the county of New York. On the day set for closing the contract, the defendant refused to take the title, upon the ground that these judgments were liens upon the property contracted to be purchased. The question presented for our determination is whether he was justified in doing so. The plaintiff claims he was not, and should be compelled to specifically perform. The defendant claims that he was and is entitled to recover the amount which he deposited at the time the contract was executed.

The determination of the question turns upon the construction to be given to section 19 of the Banking Law. This section, without quoting it at length, authorizes the Superintendent of Banks, upon taking possession of a bank, to collect and conserve its assets, liquidate its affairs, and prosecute and defend actions; to notify creditors to present their claims, which, if rejected by the Superintendent, must be established by action; and to pay creditors ratable dividends from time to time under the direction of the Supreme Court. The section unquestionably contemplates a ratable distribution of all the assets among the bank's creditors, and the duties and powers of the Superintendent are substantially those of a receiver. Matter of Union Bank of Brooklyn, 204 N. Y. 313, 97 N. E. 737. In authorizing the sale of property of a bank, subject to the approval of the court, the section does not expressly empower the court to direct a sale of property free and clear of all incumbrances, nor is a bank, by the Superintendent's taking possession, divested of the legal title to its assets. Lafayette Trust Co. v. Higginbotham, 136 App. Div. 747, 121 N. Y. Supp. 489. It must, therefore. be conceded that the judgments obtained after the Superintendent went into possession are apparent liens upon the property, and there is no express provision in the statute depriving the judgment creditors of their liens.

But, notwithstanding the fact that the statute does not expressly provide that judgments obtained and docketed after the Superintendent takes possession shall not become liens, that fact certainly is implied, because in no other way can the purpose of the statute be fully realized. It is perfectly clear that the fundamental purpose of the statute is to secure the equitable distribution of all the assets of an insolvent bank, among all its creditors, and this purpose would be defeated if a creditor who obtained a judgment after the Superintendent took possession could thereby secure a preference. Any doubt that there might possibly be upon the subject is removed by a consideration of the method prescribed for proving claims. If the Superintendent rejects a claim, then an action must be brought to enforce it within six months after service of notice of such rejection; and,

if objections by any party in interest to any claim not rejected by the Superintendent are allowed, "such claim shall not be allowed by the Superintendent until the claimant shall have established his claim by the judgment of a court of competent jurisdiction." A judgment recovered on a claim thus rejected would not give the claimant a preference over other creditors. Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 20 L. Ed. 840; Green v. Walkill National Bank, 7 Hun, 64. The statute contemplates an action and judgment as a means of determining the validity of a claim, and it seems to me necessarily to follow that the same considerations apply to any judgment obtained after the Superintendent takes possession. To hold otherwise would simply permit a diligent creditor to obtain a preference over other creditors by reducing his claim to judgment. This would destroy the whole scheme and purpose of the statute.

If these views be correct, then the judgments in question were not liens upon the property which justified the defendant in refusing to take title.

The plaintiff, therefore, is entitled to judgment that the deed tendered will convey a marketable title to the defendant, and directing him to specifically perform. Plaintiff is also entitled to costs. All concur.

