### LAFAYETTE TRUST CO. v. BEGGS.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

1. BANKS AND BANKING (§ 226*)—ACTIONS—PLEADING—INSOLVENCY.

An allegation that the superintendent of banks was in possession of the property, business, and assets of a bank "for the purpose of liquidating its affairs, in accordance with section 19 of the Banking Law of the state of New York" (Consol. Laws, c. 2), justified an inference of insolvency.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 867–870; Dec. Dig. § 226.*]

2. BANKS AND BANKING (§ 229*)—INSOLVENCY—JUDGMENT AFTER POSSESSION BY SUPERINTENDENT OF BANK—LIEN.

A judgment recovered against a bank after the superintendent of banks has taken possession thereof, pursuant to the Banking Law (Consol. Laws, c. 2), is not a lien on the property of the bank.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 875, 876; Dec. Dig. § 229.*]

Action by the Lafayette Trust Company against James Beggs. Submitted on agreed facts. Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Frank M. Patterson, of New York City (John B. Loughborough, of Auburn, on the brief), for plaintiff.

Charles T. Green, of New York City, for defendant.

PER CURIAM. [1] The parties concede that, if it appeared that plaintiff was an insolvent bank, a judgment in its favor would be justified. Northern Bank of New York v. Drury, 152 App. Div. 64, 136 N. Y. Supp. 608. The statement that since November 30, 1908, the superintendent of banks has been in possession of the property, business, and assets of the plaintiff, and is now in possession of the same, "for the purpose of liquidating its affairs, in accordance with section 19 of the Banking Law of the state of New York," would justify an inference of insolvency.

[2] But in any event the reasoning of the Drury Case is equally applicable to an insolvent and a delinquent corporation. Unless the deed tendered by the superintendent of banks in behalf of plaintiff would convey to defendant a good title, free from the lien of the judgments referred to in the submission of this controversy, it would be difficult to give full force and effect to that provision of the Banking Law authorizing him, upon obtaining an order of approval of the Supreme Court, to sell all the real property of such corporation on such terms as the court may direct. Laws of 1892, c. 689, § 18, as amended Laws of 1908, c. 143; Laws of 1909, c. 10 (Consol. Laws, c. 2) § 19, as amended Laws of 1910, c. 452.

There should be judgment for plaintiff, directing that defendant perform his contract of purchase, without costs.