THE CITY OF MOUNT VERNON, Respondent, *v.* BEST DEVELOPMENT COMPANY et al., Defendants. EDWARD F. HALLAHAN, Appellant.

328

(Submitted May 22, 1935; decided July 11, 1935.)

*Lester D. Stickles* and *Herbert R. Goldstein* for appellant. The building and loan association in its corporate capacity was a proper and necessary party to the action. (*Van Tuyl* v. *New York Real Estate Sec. Co.*, 153 App. Div. 410; 207 N. Y. 691; *Yokohama Specie Bank, Ltd.*, v. *Chinese Merchants' Bank*, 219 App. Div. 256; *Matter of Bank of United States* [*Ostertag*], 237 App. Div. 104; 262 N. Y. 463; *Richardson* v. *Cheney*, 146 App. Div. 686; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Isaac* v. *Marcus*, 258 N. Y. 257; *Broderick* v. *Aaron*, 243 App. Div. 411.) Appellant is entitled to be relieved of his bid where a reasonable doubt exists as to the marketability of title. (*Heller* v. *Cohen*, 154 N. Y. 299; *Schriver* v. *Schriver*, 86 N. Y. 575; *Fleming* v. *Burnham*, 100 N. Y. 1; *Vought* v. *Williams*, 120 N. Y. 253.)

*Frank A. Bennett*, Corporation Counsel (*Irving J. Bland* of counsel), for respondent. The lien of the mortgage originally held by the building and loan association was

effectually discharged. (*Matter of Goddard*, 94 N. Y. 544; *Williams* v. *People*, 24 N. Y. 405; *Morse* v. *Press Pub. Co.*, 71 App. Div. 351; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Matter of Attorney-General* v. *Atlantic Mut. Life Ins. Co.*, 100 N. Y. 279.)

LEHMAN, J.   The purchaser at a sale under judgment of foreclosure of a tax lien has rejected title on the ground that the title is defective.   The only alleged defect which requires discussion arises from the fact that at the time of the foreclosure action Model Building and Loan Association of Mott Haven was the owner of record of a mortgage upon the premises, and, it is said, was not named as a party defendant in the foreclosure proceedings.   We are agreed, I think, that the other alleged defects are without substance.

In 1917, long prior to the foreclosure proceedings, the Superintendent of Banks had taken possession of the property and business of Model Building and Loan Association for the purpose of liquidation.   A final dividend was paid in the liquidation proceedings in 1923.   The foreclosure action was begun in 1931.   " Joseph A. Broderick, Superintendent of Banks of the State of New York, in charge of the Model Building and Loan Association of Mott Haven in liquidation," was named as a party defendant.   It may be conceded that Model Building and Loan Association was not finally divested of its property when it was taken over by the Superintendent of Banks.   None the less, the Superintendent of Banks has the same powers as a receiver over the property of the corporation.   He may even convey title to its property.   (Banking Law [Cons. Laws, ch. 2], § 69.)   He may in the name of the corporation " prosecute and defend any and all actions and legal proceedings " (§ 71).   He had supervision of its affairs.   The ordinary functions of the managers of the corporation were suspended and the liquidator in the meanwhile acted in their stead.

(*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Isaac* v. *Marcus*, 258 N. Y. 257.)

There is no evidence that the Model Building and Loan Association has ever been permitted to resume business, and there is no claim that the Superintendent of Banks ever relinquished his right as liquidator to its property. If the corporation had been specifically named as a party defendant, the Superintendent of Banks would have been called upon to decide whether or not to defend the action. No other representative of the corporation would have had such power or duty. Again, the Superintendent of Banks as the officer in charge of the corporation would have been the proper person upon whom service should be made. He was given the required notice and opportunity to defend the action. Defense to the action by him, if successful, would have inured to the benefit of the corporation.

The form of description of the corporation as party defendant is immaterial if, in fact, it was by due notice made a party to the action. It was, perhaps, necessary in the foreclosure action to name the corporation as defendant, for suits by or against it must, in accordance with the statute, be prosecuted or defended in its name. Its corporate functions were at that time suspended, its property was in " *custodia legis* " and the custodian and the public officer who could act in its behalf was named as the party " in charge of the Model Building and Loan Association of Mott Haven in liquidation." Differentiation between the custodian of property and its owner is proper and carries legal consequences when each has separate functions and separate rights. It is immaterial when functions and rights are merged in the custodian. That is true here, where, so far as appears, possession of the property had not been relinquished by the Superintendent, and he had not been discharged of his duty and function to prosecute and defend actions in its name. The objection that the corporation should have been named as

party defendant, separately from the public officer who was properly described as in charge of the corporation, rests in formalism, long outlived by the law. The essential requirement to bring a defendant into court is that the defendant be named or described in such form as will properly identify the defendant and give notice of opportunity to defend. That has been done here. It has been done here in manner appropriate to secure that purpose. The judgment of foreclosure is binding upon the corporation, since the officer charged with the duty of defending suits against it has failed to present any defense.

The order should be affirmed, with costs.

FINCH, J. (dissenting). The city of Mount Vernon brought an action to foreclose a tax lien for unpaid real property taxes. At the sale the appellant, Edward F. Hallahan, bid in the property for $4,630 and paid to the referee ten per cent of the bid as a deposit. He retained a title company to examine the title and issue insurance thereon. The company's report showed several exceptions and questions in reference to the validity of the foreclosure proceedings, and as a result Hallahan rejected the deed tendered to him, on the ground that the title was not marketable.

Two and a half years having elapsed, during which time no action was taken by the city of Mount Vernon, Hallahan made this motion to be relieved of his bid and for the return of his down payment. The motion was granted at Special Term, but the Appellate Division reversed.

It is necessary to consider but one of the defects upon which the appellant relies in support of his contention that the title to the property is unmarketable. He urges that the failure to make the Model Building and Loan Association of Mott Haven, the holder of a duly recorded mortgage for $10,000, a party to the action rendered the title offered him defective. In 1917, long before the

foreclosure proceedings, the Model Building and Loan Association was taken over by the State Banking Department for the purpose of liquidation, which was completed by the payment of a final dividend in 1923. The summons and complaint in the foreclosure proceeding failed to name the Model Building and Loan Association as a party defendant in its corporate capacity. It did make the Superintendent of Banks a party to the action by the following designation: "Joseph A. Broderick, Superintendent of Banks of the State of New York in charge of The Model Building and Loan Association of Mott Haven in liquidation."

The neglect to name the Model Building and Loan Association as a party defendant is not remedied by naming the Superintendent of Banks in its stead. A corporation is not divested of its title to property when it is taken over by the Superintendent of Banks for purposes of liquidation. (*Yokohama Specie Bank, Ltd.*, v. *Chinese Merchants Bank*, 219 App. Div. 256; *Lafayette Trust Co.* v. *Higginbotham*, 136 App. Div. 747.) (See *Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409, at p. 411.) The appointment of a liquidator does not involve the destruction of the corporation or the corporate franchise. Even after it has been liquidated and is no longer doing business, it still exists as a corporation and continues to so exist until dissolved or its charter is annulled or voluntarily surrendered. (*Lafayette Trust Co.* v. *Higginbotham, supra; Wilson* v. *First State Bank*, 77 Kan. 589.) (See *Chemical Nat. Bank* v. *Hartford Deposit Co.*, 156 Ill. 522, 527; *Hawkins* v. *Glenn*, 131 U. S. 319.) The law provides the method by which a building and loan association or any other corporation may be dissolved. (Banking Law, §§ 59, 486; General Corporation Law [Cons. Laws, ch. 23], §§ 71, 72.) The method of annulling the corporation is also prescribed by statute. (General Corporation Law, §§ 90, 91.) Liquidation of the assets is not sufficient to work a dissolution or an annulment of the corporation. After

the commencement of liquidation proceedings the Superintendent of Banks may even permit the resumption of business by the corporation. (Banking Law, §§ 61, 61-a.) There is nothing in the record to show that the Model Building and Loan Association has been dissolved or its charter annulled. In consequence there is no legal obstacle to a resumption of business. Not only is its corporate existence continued but it retains title to all remaining assets. In accord with this is the provision of the Banking Law which fixes the power and the manner in which the Superintendent of Banks may defend and prosecute actions concerning corporations, possession of which has been taken by him. Section 71 of the Banking Law provides that: " * * * For the purpose of executing any of the powers and performing any of the duties hereby conferred upon him, the superintendent may, in the name of the delinquent corporation or private banker, prosecute and defend any and all actions and legal proceedings."

Mandatory is the requirement in the statute as to the capacity in which the Superintendent is to act. All actions are to be prosecuted and defended in the name of the corporation. The discretion vested in the Superintendent by the use of the word " may " lies only in the determination of whether or not it is to the advantage of the corporation to defend or prosecute the action. (See *Isaac v. Marcus*, 258 N. Y. 257, at p. 265.)

The authorities cited to support the view that title to corporate assets passes to the Superintendent of Banks as liquidator are not in point. *Lafayette Trust Co. v. Beggs* (213 N. Y. 280) and *Matter of Attorney-General v. Atlantic Mut. Life Ins. Co.* (100 N. Y. 279) merely decided that creditors may not gain a preference by obtaining judgments against a corporation during the course of its liquidation. The decisions were rested on the ground that the assets of the corporation are impressed with a trust, as of the date of the appointment of the liquidator,

in favor of their creditors, and, therefore, not subject to liens or judgments subsequently docketed. The opinion in the *Beggs Case* (*supra*), containing dictum which is referred to as not being in accord with the view that title remains in the corporation, was concurred in by only one other judge. Two judges concurred in a separate memorandum and three judges dissented. The case of *Isaac v. Marcus* (*supra*) is authority only that stockholders cannot bring a derivative action against directors until they have exhausted all means to induce appropriate action by the Superintendent of Banks. The latter's right is paramount but not exclusive.

Title to its assets remaining in the Model Building and Loan Association, it had an interest in the mortgage, subject to the rights of its creditors and the Superintendent of Banks, as liquidator, which should have been cut off by making it a party to the foreclosure action. The corporation not having been so named, its rights were not terminated.

A reasonable doubt as to its validity existing, the title may be rejected as unmarketable. (*Van Vliet & Place, Inc.*, v. *Gaines*, 249 N. Y. 106; *Heller* v. *Cohen*, 154 N. Y. 299; *Vought* v. *Williams*, 120 N. Y. 253; *Fleming* v. *Burnham*, 100 N. Y. 1.)

In *Heller* v. *Cohen* (*supra*) it was said by this court:

" (1) A purchaser at a judicial sale will not be compelled to take a doubtful title, * * *.

" * * * A purchaser ought not to be compelled to take property, the possession of which he may be obliged to defend by litigation. He should have a title that will enable him to hold his land free from probable claim by another, and one that, if he wishes to sell, would be reasonably free from any doubt which would interfere with its market value. If it may be fairly questioned, specific performance will be refused. (*Vought* v. *Williams*, 120 N. Y. 253, 257; *Shriver* v. *Shriver*, 86 N. Y. 575, 584; *Fleming* v. *Burnham*, 100 N. Y. 1.) " (p. 306).

It follows that the order of the Appellate Divisiop should be reversed and the order of Special Term affirmed, with costs. (See 268 N. Y. 708.)

O'BRIEN, CROUCH and LOUGHRAN, JJ., concur with LEHMAN, J.; FINCH, J., dissents in opinion in which CRANE, Ch. J., and HUBBS, J., concur.

Order affirmed.