■ In the Matter of YVONNE BELMONT, Appellant, v BRISTOL-MYERS SQUIBB COMPANY, Respondent. [795 NYS2d 32]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 17, 2004, which denied the petition seeking preaction discovery pursuant to CPLR 3102 (c), unanimously affirmed, with costs.

Petitioner did not show the existence of a meritorious cause of action sufficient to warrant granting her preaction discovery

(*see Holzman v Manhattan & Bronx Surface Tr. Operating Auth.*, 271 AD2d 346, 347-348 [2000]). The chattels which petitioner now seeks returned—shares of a now-defunct pharmaceutical company she claims her brother stole in 1987 and then merged into another company acquired by a subsidiary of respondent— were never in the possession of respondent or any of its subsidiaries. Additionally, respondent was named as a defendant in petitioner's Peruvian civil lawsuit premised on the same alleged illegitimate stock transfer in 1987, and the Peruvian courts rejected petitioner's claims. In the absence of a semblance of a legitimate replevin claim, petitioner cannot prevail on her argument that she needs discovery to gather facts necessary to "pierce the corporate veil" between respondent and its subsidiaries in Peru in order to discover the identity of prospective defendants and properly frame a complaint. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.