| McDerman v Doe |
| :---: |
| 2025 NY Slip Op 32208(U) |
| June 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156151/2025 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. KATHLEEN WATERMAN-MARSHALL

*Justice*

PART 31

-----------------------------------------------------------------------------X

MICHAEL MCDERMAN, IN THE CANN PRODUCTIONS, LLC,

Plaintiff,

- v -

JOHN DOE,

Defendant.

-----------------------------------------------------------------------------X

INDEX NO. 156151/2025

MOTION DATE 05/13/2025, 05/17/2025

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 16, 23, 24, 28, 29, 30, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for                    DISCOVERY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 17, 18, 20, 21, 22, 25, 26, 27, 31, 32, 33, 34, 35, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for               ORDER OF PROTECTION               .

Upon the foregoing documents and the on-the-record oral argument of June 18, 2025, the motion by plaintiff Michael McDerman ("Mr. McDerman") for: (1) an order authorizing "pre-action" discovery in the form of third-party subpoenas (motion seq. 001), is granted; and (2) a temporary restraining order and preliminary injunction against defendant "John Doe" (motion seq. 002), is denied.

Mr. McDerman, *pro-se*, initiated this plenary action against defendant "John Doe" alleging that this individual, whose identity is unknown, gained access to his various email, social media and digital accounts and is using this access to cyberstalk, unlawfully surveil, harass and intimidate him, and interfere with his businesses in violation of federal and state law. The complaint asserts causes of action for, *inter alia*, eavesdropping under the NY Penal Code; tortious interference with contract; and invasion of privacy. To be sure, the allegations, if true, are serious as is the impact of the alleged behavior upon Mr. McDerman's privacy and well-being.

Prior to commencing this action, Mr. McDerman hired a forensic expert to examine his email, social media and digital accounts to ascertain who and from where his accounts were being accessed. The expert performed an analysis and concluded that it needed additional information to complete its review, including the IP addresses associated with the outsider's access to Mr. McDerman's accounts. Mr. McDerman then hired attorneys to assist him in obtaining his personal account information – i.e., account registration information; login and access logs; identity of devices and IP accounts used to sign into his accounts; security events;

**156151/2025  MCDERMAN, MICHAEL ET AL vs. DOE, JOHN**
**Motion No.  001 002**

**Page 1 of 4**

[* 1]

and messaging metadata – from the email, social media and digital platforms that the defendant allegedly accessed to cyberstalk, surveil, and harass Mr. McDerman. The social media and digital platforms rejected the attorney's subpoenas and instead require subpoenas to be issued with a caption in connection with a pending action. This lawsuit ensued.

Days after filing his complaint, Mr. McDerman filed a motion for an order "permitting [] discovery for the purpose of identifying the defendant" (motion seq. 001). Specifically, Mr. McDerman requests that the Court sign subpoenas to get records, data, and IP addresses from his email, social media and digital accounts – identified as third-parties Apple, WhatsApp, Google, Grindr, and Facebook – in order to identify "John Doe." At the June 18, 2025 on-the-record oral argument, Mr. McDerman explained that, although he suspected the identity of "John Doe," he needed further investigation to clarify who it is, and his records should show who, when, and how his accounts were being accessed. Mr. McDerman also seeks records from the NYPD and Mount Sinai Beth Israel Hospital related to a wellness check and hospital evaluation allegedly caused by the stress attendant to John Doe's harassing conduct.

Days after filing the first motion, Mr. McDerman moved for a temporary restraining order, prohibiting John Doe from direct and indirect surveillance of him, and directing John Doe to stay away from Mr. McDerman, his family, and friends (motion seq. 002).

**The "John Doe" Complaint and Third-Party Subpoenas**

CPLR § 1024, entitled "Unknown parties," allows a "party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, [to] proceed against such person as an unknown party by designating so much of his name and identity as is known" (*see generally Orchard Park Cent. Sch. Dist. v Orchard Park Tchrs. Ass'n.*, 50 AD2d 462, 467 [4th Dept 1976] ["The purpose of this section is to permit a cause of action known to exist to be brought against a person whose name only is unknown"]). To be effective, the summons and complaint containing a "Doe" pseudonym must describe the unknown defendant "in such a manner that the 'Jane Doe' would understand that she is the intended defendant by reading the papers" (*C.D. v Nassau Cnty.*, __AD3d__ [2d Dept 2025] [2025 WL 1318245]; *see generally City of Mt. Vernon v Best Development Co.*, 268 NY 327, 331 [1935] [fundamental that "the defendant [must] be named or described in such form as will properly identify the defendant and give notice of opportunity to defend"]).

In addition, before designating a defendant as "John Doe," the plaintiff must show that they made diligent efforts to ascertain defendant by name (*Bumpus v New York City Transit Auth.*, 66 AD3d 26, 29-30 [2d Dept 2009] ["One pitfall is that parties are not to resort to the "Jane Doe" procedure unless they exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name and, despite such efforts, are unable to do so. Any failure to exercise due diligence to ascertain the "Jane Doe's" name subjects the complaint to dismissal as to that party"] [internal citations omitted]).

Mr. McDerman has demonstrated entitlement to proceed in this action against defendant "John Doe" – but only up through the expiration of the **one-year statute of limitations** on his

**156151/2025   MCDERMAN, MICHAEL ET AL vs. DOE, JOHN**
**Motion No.  001 002**

**Page 2 of 4**

2 of 4

[* 2]

invasion of privacy claims (*see* CPLR 215) and the **three-year statute of limitations** on his tortious interference with contract claims (*see* CPLR 214).

First, the complaint contains adequate allegations – 61 separate factual paragraphs with details of the alleged intrusions and interference, and consequent damages – from which "John Doe" would understand they are the intended defendant (*see Henderson-Jones v City of New York*, 87 AD3d 498 [1st Dept 2011] [factually detailed complaint contributes to identification of relevant occurrence and those involved, giving intended defendants fair notice]).

Second, Mr. McDerman has shown diligent efforts to ascertain defendant by name. He hired a forensic expert who performed an investigation of his accounts, and then hired attorneys to subpoena his account information to complete the forensic investigation and clarify defendant's identity. He now seeks discovery from his third-party social media and digital platforms to complete the forensic investigation (*see Bumpus*, 66 AD3d at 33-35 [plaintiff seeking to identify defendant prior to expiration of statute of limitations may pursue, *inter alia,* pre-action disclosure under CPLR § 3102 and FOIL requests]).

Although Mr. McDerman (a self-represented plaintiff) seeks "pre-action disclosure" pursuant to CPLR § 3102, which is brought by way of special proceeding and not motion, the Court overlooks the defect in form and focuses on the substance of the request. Mr. McDerman simply asks this Court to sign subpoenas directed to *his own* email, social media, and digital account providers for *his own records* in order to identify the defendant prior to the expiration of the statute of limitations. In this regard, and considering the content of the complaint, Mr. McDerman has shown a meritorious claim and that the information he seeks is material and necessary to that claim, the standard for CPLR § 3102 pre-action discovery (*see Matter of Uddin v New York City Tr. Auth*, 27 AD3d 265 [1st Dept 2006] [pre-action disclosure permitted where petitioner has shown existence of meritorious cause of action and that discovery is material and necessary to that cause of action]; *Belmont v Bristol-Meyers Squibb Co.*, 18 AD3d 292 [1st Dept 2005]; *see also generally Sony Music Entertainment Inc. v Does 1-40*, 326 F.Supp.2d 556 [SDNY 2004] [court signed subpoenas directed to internet service providers to identify specific internet users]).

However, the NYPD and Mt. Sinai subpoenas stem from a wellness check initiated by Mr. McDerman's friends, and are therefore related more to his alleged damages and are not related to the identity of John Doe, which is a crucial threshold issue that must be resolved in order to avoid dismissal of the complaint. If Mr. McDerman cannot adequately identify John Doe in time to amend the caption and serve the defendant with the complaint before the statute of limitations expires (one year for invasion of privacy, three years for tortious interference with contract), his complaint will be jurisdictionally defective and subject to dismissal (*see Thas v Dayrich Trading, Inc*., 78 AD3d 1163, 1165 [2d Dept 2010] [inadequate description renders the action jurisdictionally defective]). Therefore, the Court declines to sign the NYPD and Mt. Sinai subpoenas without prejudice to renewal during pre-trial discovery proceedings after Mr. McDerman identifies John Doe, amends his complaint, serves it upon that identified individual, and issue is joined.

**156151/2025   MCDERMAN, MICHAEL ET AL vs. DOE, JOHN**
**Motion No.  001 002**

**Page 3 of 4**

[* 3]

**Mr. McDerman is not Entitled to a Restraining**
**Order Against an Unknown and Unnamed Person**

The Court cannot issue a temporary restraining order against an unknown and unnamed "John Doe." Such an order would, effectively, enjoin everyone and no one. Accordingly, Mr. McDerman's request for a temporary restraining order and preliminary injunction is denied without prejudice to renewal upon the identification of John Doe.

Accordingly, it is

**ORDERED** that Mr. McDerman's motion for permission to engage in third-party discovery by subpoena to his email, social media, and digital accounts, to identify the name of "John Doe" (motion seq. 001), is granted; and it is further

**ORDERED** that the Court is So-Ordering the subpoenas directed to Apple, WhatsApp, Google, Grindr, and Facebook simultaneous with this Decision and Order; and it is further

**ORDERED** that Mr. McDerman's motion for a temporary restraining order and preliminary injunction (motion sequence 002) is denied without prejudice to renewal upon the identification of John Doe.

| | | |
|---|---|---|
| **6/23/2025** | | |
| **DATE** | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**156151/2025 MCDERMAN, MICHAEL ET AL vs. DOE, JOHN**
**Motion No. 001 002**

**Page 4 of 4**

4 of 4

[* 4]