THEA ISAAC, Appellant, *v.* BERNARD K. MARCUS et al., Defendants, and BANK OF UNITED STATES et al., Respondents.

(Argued November 23, 1931; decided January 5, 1932.)

*Samuel Hoffman* for appellant. As it was the intent of the Legislature to add to, rather than detract from, the then existing rights of a stockholder, upon a cause of

action against officers and directors for malfeasance, sections 57 and 81 of the Banking Law must be interpreted in accordance with such intent. (*Hayden* v. *Pierce,* 144 N. Y. 512; *Weiler* v. *Nembach,* 114 N. Y. 36; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *Matter of Union Bank,* 204 N. Y. 16; *Davis* v. *Supreme Lodge,* 165 N. Y. 159.) Assuming that the statute is restrictive in its nature, it was not the intention of the Legislature to permit the Superintendent of Banks arbitrarily to refrain from instituting any action and thereby deprive a stockholder of a remedy which, otherwise, would have been available to him. (*Brinckerhoff* v. *Bostwick,* 88 N. Y. 52.)

*Frank Weinstein* and *Samuel J. Levinson* for Charles Frank, *amicus curiæ.* The rights of the Superintendent as liquidator are purely statutory and are only such as the Banking Law specifies. No right which the Banking Law confers upon him as liquidator can be deemed exclusive unless the Banking Law expressly or by necessary implication makes it exclusive. (*Curtis* v. *Leavitt,* 15 N. Y. 9; *Nassau Bank* v. *Jones,* 95 N. Y. 115; *Matter of Mandel,* 224 Fed. Rep. 642; *Hagmayer* v. *Alten,* 36 Misc. Rep. 59; *Koch* v. *Missouri-Lincoln Trust Co.,* 181 S. W. Rep. 44; *Matter of Murray Hill Bank,* 153 N. Y. 199; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *Mott* v. *Reeves,* 125 Misc. Rep. 511; 217 App. Div. 718; 246 N. Y. 567.) The fact that the Superintendent as liquidator acts principally for the benefit of depositors and other creditors precludes reading into section 81 of the Banking Law any exclusiveness of right of suit in him. The Legislature cannot be deemed, in the absence of express pronouncement to the contrary, to have intended destruction or abridgment of an existing vested right in the stockholders, when the preservation of such existing rights cannot harm the depositors and other creditors, and its destruction or abridgment cannot benefit them while doing grave injustice to the stockholders. (*Van Tuyl* v.

*Scharmann,* 208 N. Y. 53; *United States v. Weitzel,* 246 U. S. 533; *Harris Estate v. West Grove Sav. Bank,* 217 N. W. Rep. 477; *Korby v. Springfield Inst. for Savings,* 245 U. S. 330; *Kavanaugh v. Commonwealth Trust Co.,* 181 N. Y. 121; *Whalen v. Strong,* 230 App. Div. 617.) Nothing in the Banking Law necessitates or justifies an implication of exclusiveness in the Superintendent of right to invoke judicial relief against the incumbent officers, whereas the Banking Law, in its entirety, and even in section 81, shows an affirmative legislative intent to preserve for the stockholders their equities, and particularly their equitable right also to invoke judicial relief against the officers. (*Lafayette Trust Co. v. Beggs,* 213 N. Y. 280; *Mikels v. Courie Cut Stone Co.,* 34 Ohio App. 442.) There is no basis for restricting the stockholders' equitable right of representative suit by requiring prior demand upon the Superintendent followed by refusal or failure on his part, or by requiring prior leave of court. (*Matter of Casualty Co. of America,* 244 N. Y. 443; *Matter of Union Bank,* 176 App. Div. 477; *Yokohama Specie Bank v. Chinese Merchants Bank,* 219 App. Div. 256; *Matter of Chetwood,* 165 U. S. 443; *Matter of Lunghino,* 176 App. Div. 285; *Jackson v. Chemical Nat. Bank,* 215 Ala. 538; *Port Newark Bank v. Waldron,* 46 Fed. Rep. [2d] 296; *Cochran v. Bennett,* 139 S. E. Rep. 428; *Steele v. Randall,* 19 Fed. Rep. [2d] 40; *Bennett v. Duke,* 144 S. E. Rep. 686; *Allen v. United States,* 285 Fed. Rep. 678; *Commonwealth v. Allen,* 133 N. E. Rep. 625; *Peoples Trust Co. v. United States,* 23 Fed. Rep. [2d] 381; *Hulse v. Argetsinger,* 18 Fed. Rep. [2d] 944; *Matter of Bolegh,* 185 Fed. Rep. 825; *Kinney v. Channel State Bank,* 288 S. W. Rep. 509; *Koch v. Morsemere Trust Co.,* 107 N. J. Eq. 516; *Chicago T. & T. Co. v. McDowell,* 257 Ill. App. 492; *Adler v. Seaman,* 266 Fed. Rep. 828; *Sigwald v. City Bank,* 82 S. C. 382; *Miller v. Pero,* 135 Misc. Rep. 424.)

*Carl J. Austrian, Arthur Ofner* and *Harold N. Cohen* for respondents. A stockholder may only maintain or

compel the Superintendent of Banks to commence an action under section 81 of the Banking Law by the authority of an order of the court made upon notice to the Superintendent. (*Cummings* v. *Brown*, 122 App. Div. 505; *Delaware & Hudson Co.* v. *Albany & Susquehanna R. R. Co.*, 213 U. S. 435; *Grant* v. *Greene Consol. Copper Co.*, 169 App. Div. 206; 223 N. Y. 655; *Brinckerhoff* v. *Bostwick*, 105 N. Y. 567; *Clubb* v. *Cook*, 161 App. Div. 775; *Jessup* v. *Smith*, 223 N. Y. 203; *Schoenherr* v. *Van Meter*, 215 N. Y. 548; *Matter of Murray Hill Bank*, 153 N. Y. 199; *Dorland* v. *Fidelity Development Co.*, 104 Misc. Rep. 97; *Matter of City Trust Co.*, 133 Misc. Rep. 856; *Hunter* v. *Moss*, 41 Ga. App. 13; *Dawkins* v. *Mitchell*, 162 La. 1085; *State ex rel. Short* v. *Norman*, 86 Okla. 36; *Ryan* v. *Ray*, 105 Ind. 101; *Hulse* v. *Argetsinger*, 12 Fed. Rep. [2d] 933; 18 Fed. Rep. [2d] 944; *Abbott* v. *Morris*, 101 W. Va. 127; *Northwestern Fuel Co.* v. *Live Stock State Bank*, 182 Minn. 276; *Bennett* v. *Duke*, 38 Ga. App. 598; *Charter* v. *Kump*, 109 W. Va. 33; *Commonwealth ex rel. Denny* v. *Hargis Bank & Trust Co.*, 233 Ky. 801; *Cartmell* v. *Commercial Bank & Trust Co.*, 153 Ky. 798; *Matter of Union Bank*, 204 N. Y. 313; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *The Bank of Cuba in New York*, 198 App. Div. 733; *Matter of Casualty Co.*, 244 N. Y. 443; *Swope* v. *Villard*, 61 Fed. Rep. 417; *Klein* v. *Peter*, 284 Fed. Rep. 797; *Cunningham* v. *Wechselberg*, 105 Wis. 359; *Frederick* v. *McRae*, 157 Minn. 366; *Matter of Bologh*, 185 Fed. Rep. 825; *Matter of Jensen Co.*, 128 N. Y. 550; *Stephen* v. *Merchants Collateral Corp.*, 256 N. Y. 418; *Dushane* v. *Beall*, 161 U. S. 513; *Du Pont* v. *Standard Arms Co.*, 9 Del. Ch. 324.) The complaint is fatally defective in failing to allege demand by plaintiff and refusal or unreasonable neglect of the Superintendent to commence this action, or any facts showing that such demand would be futile. (*Greaves* v. *Gouge*, 69 N. Y. 154; *Flyn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *Matter of Union Bank*, 204 N. Y. 313; *Lafayette Trust*

*Co.* v. *Beggs,* 213 N. Y. 280; *Planten* v. *National Nassau Bank,* 174 App. Div. 254; 220 N. Y. 677; *Craig* v. *James,* 71 App. Div. 238; *Finance Co.* v. *Railroad Co.,* 183 Fed. Rep. 830; *Fisher* v. *Andrews,* 37 Hun, 176; *O'Connor* v. *Passenger Co.,* 45 Misc. Rep. 228; *Hawes* v. *Oakland,* 104 U. S. 450; *Quincy* v. *Steel,* 120 U. S. 241; *Doherty* v. *Mercantile Trust Co.,* 184 Mass. 590; *Saunders* v. *Bank,* 113 Va. 656; *McCloskey* v. *Snowden,* 212 Penn. St. 249; *Vogeler* v. *Punch,* 205 Mo. 558; *Kavanaugh* v. *Commercial Trust Co.,* 45 Misc. Rep. 295; 103 App. Div. 95; *Richards* v. *Robin,* 86 Misc. Rep. 528; *Ward* v. *Petrie,* 157 N. Y. 301; *Barnes* v. *Hirsch,* 215 App. Div. 10; *Memphis City* v. *Dean,* 8 Wall. [U. S.] 64; *Wood* v. *Building Assn.,* 63 Wis. 9; *Bulkley* v. *Iron Co.,* 77 Mo. 105.)

LEHMAN, J. The plaintiff, a stockholder of the Bank of United States, has brought an action in behalf of herself and all other stockholders similarly situated to compel directors of the bank to account for their conduct as such directors in committing alleged acts of waste of the moneys of the bank, by planning and carrying out a merger of the Colonial Bank with the Bank of United States. The Bank of United States, the Superintendent of Banks, who is in possession of that bank for the purpose of liquidation, and certain officers, directors and stockholders of the Colonial Bank are joined with the directors of the Bank of United States as parties defendant. Upon motion of the Superintendent of Banks the complaint has been dismissed " on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and the plaintiff has no legal capacity to sue."

The Banking Law (Cons. Laws, ch. 2) provides that in specified contingencies the Superintendent of Banks may forthwith take possession of the business and property of any State bank (§ 57), and except as otherwise provided hold possession until its affairs are finally liquidated (§ 58). Upon him and his deputies rests the duty of

liquidating its business and affairs (§ 69). Large powers are granted to him to be exercised in the course of that liquidation, by various sections of the Banking Law, including the power to institute and "maintain in his name as superintendent of banks against its directors, trustees, managers or officers, or any of them, any action or proceeding which is vested in such corporation or in the stockholders or creditors thereof." (§ 81.)

These powers were first conferred upon the Superintendent of Banks by chapter 143 of the Laws of 1908. The Superintendent of Banks is in effect the statutory receiver of the banking corporation while liquidating its affairs. That was the clear intent and result of the statute. (See Report of the Commission on Banks, December, 1907; Report of Superintendent of Banks, Senate Document No. 6, 131st Session, page XXIX.) The action " vested " in the corporation or a creditor thereof against officers of the corporation for misconduct is defined and regulated by sections 60 to 62 of the General Corporation Law (Cons. Laws, ch. 23) (formerly sections 1781–1783 of the Code of Civil Procedure). The right of action of a stockholder is the creature of the courts of equity. It is a derivative action brought for the benefit of the corporation. The plaintiff here asserts the right to maintain such an action, though express authority to institute and maintain any such action " which is vested in such corporation or in the stockholders or creditors thereof " has been conferred upon the Superintendent of Banks, who is now in control of the corporation.

The development of that form of action, its essential elements and basic principles, have been exhaustively expounded in the opinion in *Hawes* v. *Oakland* (104 U. S. 450, 456). There the court quoted with approval the language of Sir W. M. JAMES, L. J., in *Macdougall* v. *Gardiner* ([1875] 1 Ch. Div. 13): " nothing connected with internal disputes between the shareholders is to be made the subject of a bill by some one shareholder on behalf of

himself and others, unless there be &ast; &ast; &ast; something *ultra vires* on the part of the company *quâ* company, or on the part of the majority of the company, so that they are not fit persons to determine it, but that every litigation must be in the name of the company, &ast; &ast; &ast; if the company really desire it. &ast; &ast; &ast; There may be a variety of things which a company may well be entitled to complain of, but which, as a matter of good sense, they do not think it right to make the subject of litigation; and it is the company, as a company, which has to determine whether it will make anything that is a wrong to the company a subject matter of litigation, or whether it will take steps itself to prevent the wrong from being done."

Courts of equity will, at the suit of a stockholder, interpose their powers to remedy or prevent a wrong to a corporation by its officers or directors when the corporation, because it is controlled by the wrongdoers or for other reason, fails and refuses to take appropriate action for its own protection. The remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; recovery must enure to the benefit of the corporation. The stockholder brings the action, in behalf of others similarly situated, to vindicate the corporate rights and a judgment on the merits is a binding adjudication of these rights. (*Grant* v. *Greene Consolidated Copper Co.*, 169 App. Div. 206; affd., 223 N. Y. 655.)

The Superintendent of Banks, as we have said, is, in effect, a statutory receiver. He is not an officer of the court and he derives his powers from the fiat of the Legislature. The Legislature pursuant to its power to regulate banking and to create banking corporations, has provided that the Superintendent of Banks shall supersede the officers and stockholders of the corporation in the control of the corporate affairs. In him the Legislature has vested not only broad powers but broad discretion.

Where an officer of the State is in control of the corporation, many of the reasons fail for the assumption by a court of equity of jurisdiction to remedy a wrong to the corporation at the suit of the stockholder. No longer are the alleged wrongdoers in control of the corporation; and the Legislature has vested in the Superintendent of Banks the power theretofore exercised by those in control of the corporation to determine whether there should be appeal to the court to remedy or restrain wrong to the corporation.

It is evident that when the Legislature vested in the Superintendent of Banks authority to institute and maintain against the corporate directors " any action or proceeding which is vested in such corporation or in the stockholders or creditors thereof," it intended that the Superintendent of Banks should have the duty to bring such an action whenever in his opinion it would be to the advantage of the corporation. No less evident is the legislative intention that he should not be hampered in the exercise of that power and the performance of his duty by hasty or ill-considered action on the part of any stockholder. So long as the corporation was in existence, no stockholder had any derivative right of action for injury to the corporation until it appeared that those who controlled the corporation refused to or were unable to protect its rights. As part of his derivative cause of action a stockholder must allege and prove a demand upon the corporation or the futility of making such a demand. " He should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court." (*Hawes* v. *Oakland, supra,* at p. 460.) The managing body of the corporation no longer can control its action. The Superin-

tendent of Banks stands in the place of the managing body. Even if the right of action conferred upon him is not exclusive and a stockholder may maintain an action based upon the misconduct of a corporate officer or director, he must still prove all the essentials of the cause of action vested in him. He has no grievance or derivative right of action until the corporation, acting through its managing body or the Superintendent of Banks, refuses to enforce the right of action vested in the corporation against those who despoil the corporation of its assets. He has not " exhausted all the means within his reach to obtain within the corporation itself, the redress of his grievances, or action in conformity to his wishes " until he has placed the Superintendent of Banks in a position which calls for a definite choice whether or not the liquidator of the bank shall institute the action " vested in such corporation or in the stockholders or creditors thereof."

Logic, practical considerations, analysis of the statute and judicial authority alike support these conclusions. There can be only a single recovery for a single wrong. If there is recovery for wrong done to the banking corporation it must be paid to the liquidator while he is in possession of its assets, and, so far as necessary to meet their claims, it must be distributed among its creditors. The legislative grant to the Superintendent of Banks of authority to bring an action " vested " in a stockholder may not be thwarted by the prior assertion of the cause of action by the stockholder. If the Legislature had intended that a stockholder might assert his derivative right of action even while the Superintendent of Banks asserted the primary right of action of the corporation, then no reason appears why the Legislature should have in addition given the Superintendent authority to bring any action " vested " in the stockholder. It is clear that both the stockholder and the Superintendent cannot at the same time maintain actions " vested " in the stock-

holder, and it is equally clear that the Legislature did not intend that there should be a race between a stockholder and the Superintendent for priority in bringing such an action. All the sections of the statute read together show clearly that the Legislature intended to impose upon the Superintendent of Banks the duty to collect and liquidate all the claims and assets of the banking corporation, at least until all the claims of creditors are satisfied, and to give him full power to carry out that duty free from interference by officers, directors or stockholders of the bank. An action by a stockholder against the directors and third parties would not be controlled by the Superintendent and might hamper him in obtaining a recovery. Even though the courts still remain open to stockholders for the protection of corporate rights where those in control of the corporation are remiss in protecting those rights, after the Superintendent of Banks has taken possession of the business of a banking corporation, a stockholder, appealing to the courts, must show that the ·Superintendent of Banks has failed and refused to bring such an action and that an action by a stockholder would not hamper unreasonably the liquidation of the corporation. Otherwise there must be intolerable confusion and, by choice of a stockholder, the statutory liquidator must be deprived of part of the authority conferred upon him by the Legislature. It cannot be supposed that the Legislature intended that a stockholder and the Superintendent of Banks should have authority to maintain, at the same time, separate actions upon a single cause of action " vested " in the stockholder. Either Superintendent or stockholder must have a paramount right and the implication in the statute is clear that it is the Superintendent who has such right. So the courts have construed similar provisions in statutes of other jurisdictions. Analogy is not complete, but the uniformity of the decisions in other jurisdictions points to the same construction of our statute. (*Ryan* v. *Ray*, 105

Ind. 101; *Abbott* v. *Morris*, 101 W. Va. 127; *Northwestern Fuel Co.* v. *Live Stock State Bank*, 182 Minn. 276; *Hunter* v. *Moss*, 41 Ga. App. 13; *Hulse* v. *Argetsinger*, 12 Fed. Rep. [2d] 933; 18 Fed. Rep. [2d] 944.) Nothing said or decided in *Mosler Safe Co.* v. *Guardian Trust Co.* (208 N. Y. 524) is contrary to this conclusion.

We do not say that the right of the Superintendent of Banks is exclusive. There may be times when the interests of a stockholder and the rights of the corporation can be adequately protected only by action instituted by a stockholder even after the Superintendent of Banks has taken control of the corporation. It would be unreasonable to construe the statute as limiting not only the right of a stockholder to bring an action but the power of a court of equity to remedy or restrain a wrong to the corporation. We say that the grant of power to the Superintendent of Banks to maintain an action vested in the corporation or a stockholder or creditor by necessary implication precludes the stockholder or creditor from instituting such an action until he shows that he is injured or aggrieved by failure, refusal or inability of the Superintendent of Banks to remedy the alleged wrong. He must first exhaust the means within his reach to induce adequate remedial action on the part of the Superintendent.

Allegation and proof of refusal of a demand is not sufficient. There may be sound reason why no such action should be brought. Before a court of equity will assert its power to protect a corporation against wrongs done to it, though the corporation asks no relief, there must be proof that the interests of the corporation and its creditors and stockholders will be served by appeal to the courts. We have said that the Superintendent of Banks is in effect a statutory receiver, yet for some purposes the assets in his hands may be regarded as " *in custodia legis.*" (*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280.) The court may not substitute its discretion for his

own where the statute leaves discretion to him. There still remains a field within which the court is supreme. (See *Matter of Casualty Co. of America* [*Rubin Claim*], 244 N. Y. 443.) Perhaps the court may not direct him to bring an action if in his discretion it would not be for the best interests of the banking corporation. That we do not now decide. At least it can issue an order to show cause why he should not bring such an action, or why a stockholder should not be permitted to protect the rights of stockholders by instituting the action vested in him.

Upon the return of such an order the court can determine whether the Superintendent of Banks is willing and able to protect those rights or whether the equitable jurisdiction of the court may be invoked by the stockholder. It can determine whether failure or refusal by the Superintendent of Banks to bring an action at that time may imperil a recovery. It can determine whether the Superintendent should have more time in which to decide whether or not to bring an action or whether a stockholder should be permitted to institute the action vested in him. It can adjust any possible conflicting interests so that a single action for a single recovery may be instituted under conditions which will protect the rights of all. That would not transcend the supervisory power of the courts over the affairs of a corporation. Until such an order to show cause has been sought by the stockholder it cannot be said that he has exhausted all the means within his reach to induce appropriate action by the statutory receiver in control of the corporate affairs. The complaint sets forth no cause of action because it fails to allege such facts.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.