JOSEPH A. BRODERICK, State Superintendent of Banks, Plaintiff, v. BERNARD K. MARCUS and Others, Defendants.

In the Matter of CHARLES FRANK.*

Supreme Court, New York County, May 10, 1932.

*Carl J. Austrian* [*Arthur Ofner, Harold N. Cohen* and *Warren C. Fielding* of counsel], for the plaintiff.

*Weinstein & Levinson* and *Maurice B. & Daniel W. Blumenthal* [*Samuel J. Levinson* of counsel], for the petitioner.

VALENTE, J. This is an application by Charles Frank, a stockholder in the Bank of United States, to permit him either to intervene

*Affd., 236 App. Div. 722.

as a party plaintiff in this action, or, in the alternative, to permit him to maintain a representative action on his own behalf and all other stockholders upon substantially the same cause of action set forth in the complaint. The present action was brought by the Superintendent of Banks against the executive officers and directors of the Bank of United States to recover $60,000,000 lost to the bank by reason of their culpable negligence, breach of duty, and mismanagement of the bank's business. Prior to this action the plaintiff and other stockholders instituted one or more representative actions for similar relief against these directors. The right to maintain such stockholders' actions while the Superintendent of Banks was in charge of its affairs has been previously tested, resulting in a determination of the question in *Isaac* v. *Marcus* (258 N. Y. 257). In that case the court held that, by section 81 of the Banking Law, the Superintendent is .vested with the power to bring such an action; that his right is paramount and may not be hampered by a prior assertion of the cause of action by a stockholder. Now that the Superintendent has brought such an action, there is neither reason nor authority to permit an independent action which would interfere with the duty of the public official to the evident detriment of the paramount rights of the depositors. A possible equitable, although not statutory, ground is presented by reason of the indictment of the Superintendent of Banks for violations of his duties with reference to this very bank, and a suggestion that self-interest and self-protection may influence his conduct of this litigation. The argument is specious. If he is convicted, he will be replaced by an official who will have no such self-interest to serve. If he is acquitted, he will have no motive other than the discharge of his public duty. In any event, it is a short-sighted view which regards the litigation as brought by an individual rather than by the sovereignty of the State as represented by its Banking Department. There seems no foundation for an independent representative stockholder's action which will virtually supplant the pending suit by the Superintendent.

This leaves for consideration the other branch of the motion, to permit the petitioner to intervene. The reasons urged for this course are that the Superintendent's interests are primarily concerned with the safeguarding of the depositors, and that his inclination would be not to press the defendants in the enforcement of claims against them beyond an amount necessary to make them whole. But, in giving the Superintendent the paramount right to conduct the litigation, the Legislature must have foreseen such a general possibility by failing to provide for any autonomous action by the stockholders until the depositors have been paid in full.

A possibility exists, to be sure, that the Superintendent may foreclose the rights of the stockholders to obtain an ultimate realization on their share of the claim against the directors. If an adequate plan of settlement is suggested by him, they may have their day in court to present their views. If any specific facts are shown to indicate the laxity and inadequacy of the conduct of the present litigation, a cause for intervention might be presented, particularly on the application of a large and representative portion of the stockholders. But this is hardly the situation in the present application

The motion is denied.