the law and not in the exercise of discretion, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

In the Matter of the Application of Louis Sulkin, Appellant, for a Mandamus Order against The Brooklyn Edison Co., Inc., Respondent.— Order, in so far as it denies petition for a peremptory mandamus order, unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Petition of W. Bernard Vause to Render and Settle His Account as Trustee under the Last Will and Testament of Henry Timm, Deceased, Appellant. Caroline Timm and Archibald W. J. Pohl, as Trustees, etc., of Henry Timm, Deceased, Respondents.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs, payable by appellant. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Application of Abraham C. Weinfeld, in Behalf of Himself and Other Creditors of the Bank of United States Who May Join in This Proceeding, Respondent, for an Order Directing Joseph A. Broderick, Superintendent of Banks of the State of New York, and Fred W. Piderit, Special Deputy Superintendent of Banks of the State of New York, Appellants, to Appear for Examination and to Produce Certain Records. (Appeal No. 1.) — Order reversed in the exercise of discretion, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The court, by the order under review, directed the Superintendent of Banks and the Deputy Superintendent to submit to an examination concerning facts and to produce records to enable the applicant, a creditor of the Bank of United States to the extent of $239.47, to prepare and issue a summons and complaint in an intended action against the stockholders of the bank to recover upon the statutory assessment under the provisions of sections 80 and 120 of the Banking Law. Since the bank was taken over in December of 1930 the Superintendent has been diligently and actively engaged, through litigation and otherwise, in the enforcement of the assessment liability. The statute contemplates independent and centralized action by the Superintendent of Banks, which, upon the record here, should not be disturbed by independent action by this applicant. (See Isaac v. Marcus, 258 N. Y. 257.) Kapper, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., not voting.

In the Matter of the Application of Abraham C. Weinfeld, in Behalf of Himself and Other Creditors of the Bank of United States Who May Join in This Proceeding, Respondent, for an Order Directing Joseph A. Broderick, Superintendent of Banks of the State of New York, and Fred W. Piderit, Special Deputy Superintendent of Banks of the State of New York, Appellants, to Appear for Examination and to Produce Certain Records. (Appeal No. 2.) — In view of the decision in Matter of Weinfeld (ante, p. 850), decided herewith, the appeal from the order denying motion for a rehearing is dismissed. Kapper, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., not voting.

Mabel E. Jongberg, Respondent, v. Griffin Manufacturing Co., Inc., Appellant.— Order denying motion to dismiss complaint for lack of prosecution affirmed, with ten dollars costs and disbursements. Appeal from order denying motion for reargument dismissed. No opinion. Lazansky, P. J., Young and Scudder, JJ., concur; Carswell and Tompkins, JJ., dissent.

James A. Keating, Respondent, v. Meyer Auerbach and Addie Auerbach,