In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and to Liquidate the Business and Affairs and to Dissolve the Corporate Charter of the NATIONAL SURETY COMPANY.*

Supreme Court, New York County, January 20, 1937.

*Boehm & Rubino*, for Lillian Boehm, movant.

*Szold & Brandwen, Sol M. Stroock* and *John S. Montgomery*, for the plaintiffs in an action pending in the Supreme Court, New York county, entitled "National Bondholders Corporation and Others, Plaintiffs, *v.* William B. Joyce and Others, Defendants."

*Lord, Day & Lord*, for the defendants, William B. Joyce, S. Reading Bertrom, Robert Goelet, and Frank B. Keech.

*Edward F. Keenan*, for Rupert W. K. Anderson, Assistant Special Deputy Superintendent of Insurance of the State of New York.

McCook, J. The above-entitled proceeding was instituted in March of 1935 by the Superintendent of Insurance. The movant in this application had purchased her stock prior to that date. It is not disputed that she received notice of the original proceeding and that she defaulted upon its return. The present motion

---

* Affd., 252 App. Div. 670.

raises the question of the validity of two paragraphs substantially similar contained in two orders in the proceeding entered on March 29 and June 4, 1935. No claim is made that the court was generally without power to do what was done. The attack is directed solely to the following portions of the orders:

" Ordered, that until further ordered, this proceeding shall continue before Mr. Justice PHILIP J. McCOOK, for the purpose of determining whether the hereinbefore mentioned actions shall be continued, which causes of action should be included and who shall direct their prosecution, and for all other purposes."

" Ordered that until further ordered this proceeding shall continue before Mr Justice PHILIP J. McCOOK for the purpose of determining any and all questions, matters or things which may arise in connection with, or by reason of this order, or the order heretofore entered herein dated March 26, 1935, and for all other purposes."

Upon the hearing of this motion, which was originally made in Special Term, Part I, and referred by the justice there sitting to the justice who made the orders complained of, the stockholder asked in the alternative that the offending paragraph be stricken, or that the court construe the same for the benefit of all concerned.

Though in an ordinary case a defaulting party will not be heard with respect to the vacating of an order under which so much constructive work has been done, the court will clarify the situation and interpret its orders in this case, since all of the parties (three sets of counsel for the plaintiffs and some fifty sets of counsel for the defendants) join in this request.

Immediately after the institution of this proceeding it became important to determine upon a method of working out an orderly procedure which would at once benefit the stockholders, bondholders, creditors and defendants, and protect the latter from the affliction and oppression of a multiplicity of parties and actions. This was preliminary to the normal procedure of preparing a case for trial and trying it.

The orders above referred to were directed particularly to the determination of the procedure preliminary to the institution of suit, since the Superintendent of Insurance was unwilling to bring the action. These orders are fully justified by *Isaac v. Marcus* (258 N. Y. 257). The expression " for all other purposes " contained in the orders is nothing more than the commonly-accepted form of a blanket clause to cover unforeseen situations, and relates only to the preliminary proceeding.

Far from having any intention of precluding other judges from passing upon the various phases of the action proper (the suit as

distinguished from the preliminary proceeding) the court would consider it an imposition were either counsel or (with due respect) a brother judge to refer the trial, or any of the motions normally leading up to it, to the maker of the original order upon the assumption that an obligation to take it rested on him. The court has accepted the task hitherto placed upon it because all the parties from the first have consented to it and seemingly have desired it. But where the court was of opinion that jurisdiction should not be retained the matter was referred to another justice. " I am loathe to burden a colleague with a matter involving so much responsibility and labor which has come to me in the regular course. However, since this motion appeared on the calendar of this court on the 23rd day of March, Mr. Justice VALENTE has rendered an opinion on the main issue (N. Y. L. J. March 28, 1936, p. 1579). The motion should therefore be referred to him if he is willing to take it." (*Matter of National Surety Company*, N. Y. L. J. April 3, 1936, p. 1688.)

Of the numerous applications made in this case, the Superintendent of Insurance says in his affidavit: " Since the entry of the aforesaid orders on the application for instructions there have been about two hundred (200) applications and motions made in the liquidation proceeding of National Surety Company, returnable before the justice presiding in Part I, Special Term, of this court, and no application was ever made by the attorneys appearing to refer the said motions to Mr. Justice McCook in accordance with the provisions of the orders of Mr. Justice McCook, entered herein on the 29th day of March, 1935, and on the 4th day of June, 1935, respectively, it being understood that the said orders had no application to the same."

The present motion does not concern itself with power, but with sound judicial discretion, with comity, good will and common sense. The ultimate question is whether the movant should be allowed to intervene in this action, as she attempted to do in a previous motion now withdrawn. The purpose appears to be to give her husband, a lawyer, an opportunity to take part in the future activities of the stockholders as against the named defendants. Without reflecting upon either the integrity or the ability of this attorney, I hold that to grant this motion against the opposition of every party who has appeared in the case would be unreasonable, unnecessary and inadvisable. The motion is denied.