NATIONAL BONDHOLDERS CORPORATION and HENRY K. BURNS, Suing on Their Own Behalf and on Behalf of All Other Creditors Similarly Situated of NATIONAL SURETY COMPANY, and AARON DAVIS, Suing on His Own Behalf and on Behalf of All Other Stockholders Similarly Situated of NATIONAL SURETY COMPANY, Plaintiffs, *v.* WILLIAM B. JOYCE and Others, Defendants.*

Supreme Court, New York County, May 14, 1937.

* Revd., 251 App. Div. 822; revd., 276 N. Y. 92.

*Boehm & Rubino,* for the petitioner.

*Szold & Brandwen, Sol M. Stroock* and *John S. Montgomery,* for the plaintiffs.

*Lord, Day & Lord,* for the defendants William B. Joyce and others.

McCOOK, J.   This is a motion for leave to intervene on behalf of the owner of 200 shares of stock of the National Surety Company made January 26 and referred February 5, after decision of this court published in the New York Law Journal on January 21, 1937. The opinion just mentioned outlines the general situation in law and fact as it then existed.  Counsel has frankly stated that although the decision expressed in the opinion was appealed from, the appeal was not prosecuted, because it was intended to bring the present motion and that he intended to appeal from the decision of the present motion if adverse.   This makes it necessary to decide the motion now; otherwise the very practical consideration of a pending application for approval of a substantial offer of settlement would indicate that the decision might well wait for a disposition of the offer.

The applicant's first point is that the court has no choice but to allow his intervention and that the duty is mandatory.   Were this the case it would make of almost impossible difficulty the task of the judge charged with the duty of so conducting such a proceeding as to make it move along with alacrity and without undue friction — in short, effectively.   Fortunately, he does not sustain his contention by authority and the case of *Isaac* v. *Marcus* (258 N. Y. 257) holds quite otherwise.   The justice who has the matter before him may properly and should exercise the widest discretion in discriminating as to whom he shall permit to intervene.

The applicant has to concede that in March, 1935, when the Superintendent of Insurance first asked the instruction of this court in the matter and for at least a year and a half thereafter, he did nothing to initiate proceedings for bringing such an action or to assist those who were conducting it.   He is charged with laches in that although he claims he knew about the situation and believed

that there were many valid causes of action, he did nothing. It is said that his delay and inaction were the more serious because several, if not all, of these causes of action were about to expire through the Statute of Limitations. His excuse is that he was in Florida at the time and had left the matter in the hands of an inexperienced clerk. This is no excuse. His conduct is readily tested by inquiring what would have happened had all creditors left their interests in his hands. If no one else had intervened, if no one else had responded to the notice given by the Superintendent of Insurance, it is likely that the view of the Superintendent of Insurance would have prevailed and that no action would have been brought. Not all lawyers can afford to go to Florida in March and a lawyer who does go must leave the affairs of his client in competent hands.

Apart from the question of laches, no matter how experienced he may be in lawsuits of this sort, he cannot expect to be considered of service to the creditors generally, or of great service to his own client, if for nearly two years after the proceeding has begun he is not thoroughly familiar with the particular case and able to take an immediate, effective and informed part. The applicant does not claim to have any such special knowledge. The matter is in the hands of competent attorneys to whom it was intrusted after careful consideration and the attorneys now conducting the litigation have been and are, so far as appears, thoroughly equipped to conduct the proceeding to and through trial, if it comes to trial.

Returning to the point that there is a motion for leave to settle pending, the court thinks it best to observe that while this has nothing to do with the motion now being decided, the applicant has by direction of the court received notice of the offer and will have an opportunity to represent his client upon the hearing of the application.

Motion denied.