JAMES R. LEAL et al., Appellants, *v.* WESTCHESTER TRUST COMPANY, in Liquidation under GEORGE W. EGBERT, as Superintendent of Banks of the State of New York, Respondent.

26

Argued October 11, 1938; decided November 29, 1938.

*Dorothea Genzlinger* for appellants. The relationship existing between appellants and respondent was not that of debtor and creditor but that of principal and agent and was fiduciary in character. (*Matter of Prudence Co.*, 10 Fed. Supp. 41; 79 Fed. Rep. [2d] 77; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280.) Because the relationship existing between the parties was not that of debtor and creditor there was no obligation upon the appellants to comply with the requirements of sections 72 to 76 of the Banking Law (Cons. Laws, ch. 2) in order to establish their claim. (*Matter of Prime*, 249 App. Div. 28; *Buck* v. *Westchester Trust Co.*, 250 App. Div. 877; *Matter of Gerbereux*, 274 N. Y. 495; *Matter of International Milling Co.* [*Broderick*], 259 N. Y. 77.) The Superintendent of Banks, through his agents, servants or employees, was negligent in the discharge of his duties as liquidator and the assets of the bank in his hands are liable for the damages suffered as a result of such negligence. (*Matter of Union Bank*, 204 N. Y. 313; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Yokohama Specie Bank, Ltd.*, v. *Chinese Merchants Bank*, 219 App. Div. 256; *Mechanics & Metals Nat. Bank* v. *Banque Industrielle*, 205 App. Div. 543; *Hartmann* v. *Schnugg*, 113 App. Div. 254; 188 N. Y. 617; *Barile* v. *Wright*, 256 N. Y. 1; *Great Northern R. Co.* v. *Oakley*, 135 Wash. 279; *Robinson* v. *N. Y. & S. I. El. Co.*, 99 App. Div. 509; *Klein* v. *N. Y. T. & M.*

*Co.*, 155 Misc. Rep. 513; *Camp* v. *Barney*, 4 Hun, 373; *Cardot* v. *Barney*, 63 N. Y. 281; *Bereth* v. *Sparks*, 51 Fed. Rep. [2d] 441; *Brown* v. *Winterbottom*, 98 Ohio St. 127; *McNulta* v. *Lochridge*, 141 U. S. 327; *Cox* v. *Stone*, 146 La. 81; *Morris* v. *Hiler*, 57 How. Pr. 322.) There is no defect of parties defendant and respondent is the proper party to be sued. (*City of Mount Vernon* v. *Best Development Co.*, 268 N. Y. 327; *McNulta* v. *Lochridge*, 141 U. S. 327.)

*John Preston Phillips* and *Gerald Donovan* for respondent. The complaint does not state facts sufficient to constitute a cause of action against the defendant. (*Zuroff* v. *Westchester Trust Co.*, 273 N. Y. 200; *Matter of Hering*, 196 N. Y. 218; *McKuskie* v. *Hendrickson*, 128 N. Y. 555; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *People* v. *Woodruff*, 32 N. Y. 355; *Seeley* v. *Clark*, 78 N. Y. 220; *Schwarz* v. *Broderick*, 269 N. Y. 610; *Matter of Bank of United States*, 269 N. Y. 578; *Matter of Egan*, 258 N. Y. 334; *Van Tuyl* v. *Scharmann*, 208 N. Y. 53; *Matter of Societa* v. *Broderick*, 260 N. Y. 260; *Matter of Prime*, 249 App. Div. 28; *Matter of International Milling Co.* [*Broderick*], 259 N. Y. 77; *County Trust Co.* v. *Mara*, 242 App. Div. 206; 266 N. Y. 540.) The acts of the Superintendent alleged in the complaint do not constitute a cause of action against the defendant, regardless of sections 72 and 76 of the Banking Law. (*Varick Springs Corp.* v. *Bank of United States*, 264 N. Y. 297; *Ruppert Realty Corp.* v. *Bank of United States*, 156 Misc. Rep. 93; 249 App. Div. 721; 276 N. Y. 629.) If the Superintendent of Banks undertook to make an agreement continuing the agency and control of the premises theretofore managed by the trust company he acted outside of his duties as liquidator and upon his own responsibility, and if any liability arose out of said agreement it was his individual liability. (*Meyer* v. *Lexow*, 1 App. Div. 116; *Vilas* v. *Page*, 106 N. Y. 439.)

CRANE, Ch. J.   The appeal relates to the sufficiency of the complaint, as it was dismissed upon motion.

The plaintiffs are the owners as tenants in common of No. 617 Van Cortlandt Park avenue, situate in the city of Yonkers, New York.   During the month of April, 1933, they appointed the Westchester Trust Company their agent to manage this property, and the company undertook and fulfilled its duties as such agent until the second day of January, 1934, when it was taken over by the Superintendent of Banks for the purposes of liquidation.   After these recitals in the complaint, paragraph four becomes important enough to quote in full:

"*Fourth.*   That Joseph A. Broderick, as Superintendent of Banks of the State of New York, in charge of Westchester Trust Company in Liquidation, as aforesaid, continued the agency and in control of the aforesaid premises until the 13th day of December 1934, when said agency and the powers and duties connected therewith on the part of Westchester Trust Company was terminated by plaintiffs."

The complaint then continues with a description of this property, as apartments occupied by tenants who quitted and vacated some time after the Superintendent of Banks took charge.   The plaintiff further alleges that through the neglect and carelessness of the Westchester Trust Company in liquidation during the winter months of 1934, the water pipes in the premises, thus left vacant, froze and burst, flooding the cellar, the plumbing system and the heating apparatus, causing damage; that even the windows in the premises were not closed during this period.

We believe this complaint to state a good cause of action.   The courts below were of the opinion that section 72 (now § 620, subd. 1) of the Banking Law (Cons. Laws, ch. 2) was applicable and that, as the complaint did not allege compliance therewith, it was defective.   This section provides that, when the Superintendent shall have

taken possession of a trust company, he shall notify all persons who have claims against the corporation to present the same to him and make proper proof thereof within four months from the date of said notice. He shall cause said notice to be mailed to all persons whose names appear as creditors upon the books of the corporation and shall also cause the notice to be inserted weekly in the newspapers for three consecutive months. He shall have no power to accept any claim presented after the date specified in such notice as the last date for presenting claims.

The Banking Law, by section 76 (now § 625), prohibits the maintenance of any action against the bank while the Superintendent is in possession of its affairs unless the plaintiff alleges and proves that the claim was duly filed, that eighty days have elapsed since the expiration of the time for filing, and that the claim was rejected.

It would seem as if section 72, by its very terms, did not and could not apply to those causes of action arising against the Superintendent of Banks or the bank in liquidation, *after* the Superintendent had taken possession and was gathering in the assets. These provisions of the Banking Law apply to the creditors existing at the time the Superintendent assumes control. He is to give notice to the creditors whose names appear upon the books, and advertise in the papers for any possible claimants whose names do not appear upon the books. No claim which arose against the Superintendent long after the time to present claims had expired was covered by these sections. The Legislature could not command the impossible. In this case the Westchester Trust Company went into liquidation on the 2d of January, 1934. The cause of action or claim arose about a year later, in October and December of 1934. The complaint, therefore, is not defective in this particular — for failure to allege compliance with the requirements of section 72 of the Banking Law.

The complaint states that the Banking Superintendent continued the agency of the bank, or the contract of employment, regarding the care of this property; continued the control over the apartments by the Westchester Trust Company during the times it was alleged the negligence occurred. This he could legally do in the performance of his duties as liquidator. In order to conserve the assets of the corporation and bring about the best results for creditors, the Superintendent could, in the exercise of good judgment, complete certain undertakings or continue certain employments. That he was not obliged immediately to terminate all activities, close the bank and end all contracts or obligations, is apparent from the authority given him by section 61-a (now § 610). This says that a Superintendent in his discretion may permit a corporation of which he has taken possession, or which he is operating on a restricted basis, pursuant to regulations promulgated, to resume business in accordance with a plan of reorganization.

The bank was not finally divested of its property when the Superintendent took it over. He had supervision of its affairs. The ordinary functions of the managers of the corporation were suspended, and the liquidator, in the meanwhile, acted in their stead. (*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Isaac* v. *Marcus*, 258 N. Y. 257; *City of Mount Vernon* v. *Best Development Co.*, 268 N. Y. 327.) The Superintendent was merely managing temporarily the affairs of the company, and his custody was not intended to terminate the corporate existence nor to end its business. (*Mechanics & Metals Nat. Bank* v. *Banque Industrielle de Chine*, 205 App. Div. 543, p. 545.) This court, in the *Isaac* case, said: " In him [the Superintendent] the Legislature has vested not only broad powers but broad discretion " (p. 264). Section 69 (now § 618) of the Banking Law confers this power. The Superintendent is authorized, upon taking possession of the property and business of such corporation, to liquidate

the affairs thereof and to do all acts and to make such expenditures as in his judgment are necessary to conserve its assets and business.

When the Superintendent assumed control of the Westchester Trust Company, he was faced with a situation which called for the exercise of his best judgment and discretion. To preserve its assets or to afford an opportunity for reorganization, he might very well have considered it advisable to continue in possession of the plaintiff's property, collect the rents and make the commission. The complaint alleges that the Superintendent did this, continued the agency and the control of the property.

The respondent insists, however, that if the Superintendent of the bank in liquidation was negligent, the action must be against the Superintendent personally and not against him as Superintendent. This all depends upon the nature of the claim. Acts done or expenses incurred in good faith and in the interests of the creditors or the corporation, but resulting in loss, may be allowed out of the assets of the corporation. A receiver, as such, is liable for torts committed by him or his employees in the administration of the receivership to the same extent as other persons and damages awarded therefor are to be regarded as part of the receivership expense. (*Robinson* v. *New York & Staten Island Electric Co.*, 99 App. Div. 509; *Camp* v. *Barney*, 4 Hun, 373; *Cardot* v. *Barney*, 63 N. Y. 281; *Bereth* v. *Sparks*, 51 Fed. Rep. [2d] 441; *Great Northern Ry. Co.* v. *Oakley*, 135 Wash. 279.)

The defendant in this case is the Westchester Trust Company in liquidation under George W. Egbert, as Superintendent of Banks of the State of New York. The objection is made that the defendant should be the Superintendent of Banks. This is a matter of little consequence as the defendant in reality is the Superintendent of Banks in control of the Westchester Trust Company in liquidation. The Superintendent may prose-

cute and defend any and all actions in liquidation proceedings in the name of the corporation. (Banking Law, § 71 [now § 619].) The Banking Law also recognizes that even after the Superintendent has assumed control, and the time to present claims has started to run or even expired, an action may be maintained against the corporation. The form or description of the party defendant is immaterial, provided it be the bank in liquidation or the Superintendent, the liquidator. (See *McNulta* v. *Lochridge,* 141 U. S. 327, 332, where it was held to be sufficient if a corporation was sued by name " in the hands of " or " in the possession of " a receiver.)

The judgments should be reversed, with costs in all courts, and the motion to dismiss the complaint denied, with ten dollars costs. (See 279 N. Y. 789.)

O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; LEHMAN and RIPPEY, JJ., dissent.

Judgments reversed, etc.