YOKOHAMA SPECIE BANK, LTD., New York Agency, by JACKSON S. HUTTO, as Superintendent of Banks of the State of New York, Plaintiff, *v.* NATIONAL CITY BANK OF NEW YORK et al., Defendants.

City Court of New York, Special Term, New York County, September 24, 1943.

*Wilberforce Sully, Jr.,* for Banco de Punta Arenas, defendant appearing specially.

*Francis X. Walsh* and *Edward Feldman* for plaintiff.

COLEMAN, J.   The defendant, Banco de Punta Arenas, a Chilean bank, moves to vacate a warrant of attachment levied

upon a bank account belonging to it, an order for the service of the summons by publication, and all proceedings under the warrant and the order. The motion is upon the ground that the litigants are foreign corporations, that the cause of action is based upon a contract made in Chile, that it arose in that country, and that our courts, therefore, have no jurisdiction. (General Corporation Law, § 225.)

The plaintiff is a Japanese bank, authorized to do business in New York, whose affairs in this State (since the outbreak of the war) are being administered by the Superintendent of Banks, subject to the supervision of the Alien Property Custodian. It has brought suit, by the Superintendent, against the National City Bank of New York and the Chilean bank to recover damages suffered by it following the inability of the two defendant banks to collect for its account a draft drawn against a consignee of merchandise in Chile. Failure or inability to collect the draft is not strictly the basis of the action, which is founded principally upon the loss of the merchandise. Additional facts as to the nature of the cause of action will be hereinafter stated; it seems advisable to consider first the status of the Superintendent of Banks as a litigant.

Nominally, at least, the litigation is between two foreign corporations. Does the intervention of the Superintendent of Banks change the situation? Does he thereby become the plaintiff who, as a State officer, may invoke the court's jurisdiction? It seems to me that the answer to each of these questions should be in the negative. Varying expressions have been used to describe the status of the Superintendent, his powers and his duties, when he proceeds to liquidate the affairs of a bank. (Banking Law, § 606 *et seq.*, §§ 618, 619; cf. *Leal* v. *Westchester Trust Co.*, 279 N. Y. 25, 30; *Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409, affd. 207 N Y. 691; *Yokohama Specie Bank* v. *Chinese Merchants Bank,* 219 App. Div. 256; *Matter of Prudence Co.*, 79 F. 2d 77.) But it seems implicit in section 619 of the Banking Law that actions by the Superintendent must be those which the bank itself could have maintained. By that section the Superintendent is to prosecute an action " in the name of " the bank and the time within which he is to act is extended, in a case where the bank itself is " entitled to maintain an action " [cf. § 619, subd. 1, pars. (a), (b)]. In the *Van Tuyl* case it was held that the Superintendent should not sue in his own name. His status is best described in the *Leal* case. " The bank was not finally divested of its property when the Superintendent took it over. He had

supervision of its affairs. The ordinary functions of the managers of the corporation were suspended, and the liquidator, in the meanwhile, acted in their stead. (*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *Isaac* v. *Marcus*, 258 N. Y. 257; *City of Mt. Vernon* v. *Best Development Co.*, 268 N. Y. 327.) The Superintendent was merely managing temporarily the affairs of the company, and his custody was not intended to terminate the corporate existence nor to end its business.'' The Superintendent is not an assignee; nor in this case is he necessarily marshalling the assets of an insolvent bank for the benefit of domestic creditors. He has no title to the assets. He is only administering the affairs of a bank which because of its status as an enemy alien can no longer carry on its business here. But the corporate existence of the bank is not affected; it continues as a Japanese corporation.

The Alien Property Custodian has authorized the Superintendent to proceed under the statutes of New York, and although he has reserved the right to supervise or intervene in the administration of the affairs of the bank, he has, by the terms of a '' vesting order '', vested in himself only the '' excess proceeds of the business and property in the state of New York of the Yokohama Specie Bank, Ltd., in the possession of the Superintendent of Banks of the State of New York, or which may hereafter come into his possession  *  *  * remaining after the payment of the claims of the creditors, accepted or established in accordance with the Banking Law of the State of New York arising out of transactions had by them with the New York agency of the said Yokohama Specie Bank, Ltd. *   *.'' The interest which the Alien Property Custodian has in the excess proceeds, after the payment of domestic creditors, the right which he may exercise at any time to intervene in the management of the affairs of the bank by the Superintendent, the supervisory powers which he has reserved, do not confer upon the court jurisdiction which it does not otherwise have. It may be assumed that if the Alien Property Custodian were to become the plaintiff in the action, the limitations upon the jurisdiction of our court contained in section 225 of the General Corporation Law would no longer be applicable. He may be free to prosecute the action, to make himself the plaintiff, but until he does so the action belongs to the foreign bank. (Cf. *H. P. Drewry, S. A. R. L.* v. *Onassis*, 266 App. Div. 292.) Until then the case for jurisdictional purposes remains one between two foreign corporations.

It therefore becomes necessary to examine the cause of action to determine whether it arose in New York and whether it is based upon the breach of a contract made here.

[The court then examines the evidence and comes to the conclusion that the cause of action arose in Chile. That part of the opinion has been omitted because of its subordinate importance.]

The motion to vacate the warrant of attachment and the order for the service of the summons by publication is granted. Settle order.