GUARANTY TRUST COMPANY OF NEW YORK, Plaintiff, *v.* ELLIOTT V. BELL, Superintendent of Banks of the State of New York, as Liquidator of Kabushiki Kaisha Mitsui Ginko, et al., Defendant.

Supreme Court, Special Term, New York County, December 9, 1943.

*Isadore H. Cohen* and *Edward Feldman* for defendant.

*Davis Polk Wardwell Sunderland & Kiendl* for plaintiff.

STEUER, J. There are three defendants in this action—the Superintendent of Banks as liquidator of the Mitsui Bank, the Mitsui Bank and the Tokyo Electric Company. The names given above are the English equivalents of the corporate names, the exact titles appearing in the caption. The plaintiff has secured a warrant of attachment against each of the corporate defendants and a purported levy was made under each by service on the Superintendent. The motion by the Superintendent seeks to vacate those warrants.

It appears that the plaintiff is the fiscal agent for the bondholders under a bond issue of which the electric company is the obligor. An installment of interest in the sum of $550,900 was due on December 15, 1941. Plaintiff requested payment and the electric company instructed the bank, which in turn instructed its New York agency to pay this sum to plaintiff. The New York agency, in turn, informed plaintiff that it had these instructions and would comply as soon as it received the necessary authorization from the Treasury Department. The next business day the Superintendent took over all the assets of the New York agency of the bank and proceeded to liquidate them pursuant to article 13 of the Banking Law. Plaintiff presented its claim to the Superintendent. The claim was rejected and this suit was then started. In due course the warrants of attachment in question were obtained.

In regard to the warrant against the bank it is the Superintendent's position that no right of attachment exists. It is urged that the possession of the Superintendent is in the nature of a receivership for the benefit of all creditors and that no priority except in accord with the provisions of the Banking Law can be had by any creditors. The sequestration of any fund by attachment would effectuate such a priority. This position is essentially sound. A review of the statute (Banking Law, § 606 *et seq.*) reveals that while there is no express prohibition against this form of relief, recognition of it is inconsistent with the purposes of the act. Apparently there is no holding on the precise point but interpretation has not varied in fixing the purposes and consequences of the Superintendent's tenure. (*Isaac* v. *Marcus,* 258 N. Y. 257; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280.) It is urged that such a ruling prevents suit against the bank, as attachment is the only source of jurisdiction. It should be borne in mind, however, that the jurisdiction obtained by attachment is in rem and hence limited to what is attached. Access to plaintiff's proper share of whatever funds might otherwise be reachable by attachment is available through this suit.

This claim of the Superintendent would not apply to the warrant against the electric company. Any assets of the latter are not held pursuant to any liquidation. No solid ground for vacating the warrant has been advanced. The sole tenable contention of the Superintendent is that he has no assets of this company in his possession and has so certified. He bases this claim on two grounds — first, that even if the electric company is a creditor of the bank, until a claim is allowed and a dividend declared, no assets are being held for it. It is unnecessary to discuss the merits of this contention. The second reason is that the Superintendent holds the assets for the benefit of local creditors only and that, if there is any balance which ought to be applied to the claims of foreign creditors, it has, pursuant to an order of the Alien Property Custodian, been vested in the United States. There is no answer to this contention. Plaintiff argues that those are matters to be disposed of in a suit to reduce the levy to the possession of the sheriff. It is proper that it should have the opportunity for this more extended test. Motion is granted to the extent of vacating the warrant of attachment directed against defendant Kabushiki Mitsui Ginko and vacating the levy made under the warrant against Tokyo Dento Kabushiki Kaisha unless in regard to the latter an action be brought by the sheriff, or the sheriff and the plaintiff, within twenty days from the date of the order. Settle order.