■ LLOYD PETERSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61813.)—Appeal from an order of the Court of Claims, entered June 6, 1978, which granted a motion to dismiss the claim. The Superintendent of Banks took possession of the Municipal Credit Union of New York City under the provisions of section 606 of the Banking Law on November 2, 1977, finding one or more of the grounds specified in the statute present. The Superintendent in the exercise of the discretion vested in her pursuant to section 10, subdivision 3 of section 12 and section 606 of the Banking Law terminated the employment of claimant as general manager of the bank. Claimant filed a claim against the State for wrongful breach of contract of employment and demanded $335,000 in damages. The Court of Claims granted respondent's motion to dismiss. The order should be affirmed. There is no dispute that the Superintendent was acting lawfully in taking possession of the credit union, a banking organization (Banking Law, § 2, subd 11). The issue raised is whether in doing so she may terminate the employment contract in question. Actions under section 606 clearly fall within the discretionary power of the Superintendent. In taking possession of a banking organization she acquired the powers of a statutory receiver *(Leal v Westchester Trust Co.,* 279 NY 25; *Lafayette Trust Co. v Beggs,* 213 NY 280). Thus, the Superintendent had the power to reject the obligation created under the employment contract (49 NY Jur, Receivers, § 60). By virtue of section 606 of the Banking Law, the Superintendent has the duty

of instant decision and quick action to protect the moneys of the depositors (*Lunghino v Rand*, 247 App Div 481, mot for lv to app den 272 NY 675). We, therefore, find that the Superintendent did not abuse the discretion vested in her by the banking laws in terminating the employment and salary of claimant (Banking Law, §§ 10, 12, subd 3; § 606). Section 41 of the Banking Law was properly ruled inapplicable by the Court of Claims since the Superintendent had taken possession of the organization pursuant to section 606 of the Banking Law. Moreover, the Superintendent here was exercising her statutory discretion in performance of a governmental function. Thus, the State is immune from liability for her action (*Weiss v Fote*, 7 NY2d 579; *Burgundy Basin Inn v State of New York*, 47 AD2d 692, mot for lv to app den 37 NY2d 706; *Gross v State of New York*, 33 AD2d 868). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur; Mikoll, J., not taking part.