UNI-RTY CORPORATION et al., Appellants, v NEW YORK GUANGDONG FINANCE, INC., et al., Respondents, and GUANG-DONG BUILDING INC. et al., Respondents. [33 NYS3d 236]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 16, 2015, which denied petitioners' motions pursuant to CPLR 409 (b) for summary judgment against respondents China Construction Bank and Agricultural Bank of China directing the turnover of monies received from respondent New York Guangdong Finance, Inc., and summary judgment against respondents Alexander Chu, the estate of Joseph Chu, Guangdong Building Inc., and Centre Plaza LLC directing the turnover of property for public sale and an accounting if necessary to satisfy petitioners' outstanding judgment, unanimously affirmed, without costs.

Petitioners, holders of an approximately $20 million judgment against respondent New York Guangdong Finance, Inc. (NYGFI), allege that while they were litigating claims against NYGFI in federal court, NYGFI fraudulently transferred cash and property interests to its shareholders (see Debtor and Creditor Law § 273-a). In particular, they allege that NYGFI entered into settlement agreements in unrelated actions that caused it to indirectly transfer approximately $7.66 million to respondents China Construction Bank and Agricultural Bank of China for no consideration. They further allege that, through the settlements, respondents Alexander Chu and the estate of Joseph Chu received stock and LLC membership interests from NYGFI for no consideration.

We find, contrary to the motion court, that the record demonstrates conclusively that NYGFI was the indirect transferor of the $7.66 million to the banks (see Isaac v Marcus, 258 NY 257, 264 [1932]; Matter of Comverse Tech., Inc. Derivative Litig., 56 AD3d 49, 53 [1st Dept 2008]).

However, with respect to the motion against the Chu respondents, petitioners submitted no evidentiary proof of NYGFI's ownership of the stock and LLC membership interests, and the Chu respondents submitted evidence that presented an issue of fact as to ownership.

Petitioners also failed to provide evidence of a lack of fair consideration for either transfer or evidence that NYGFI was left insolvent by the transfers made pursuant to the settlement agreements. Specifically, they failed to show that the reassignment of NYGFI's outstanding loans did not constitute fair consideration for the transfers (see Debtor and Creditor Law § 272; Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 302 [1st Dept 2006] [satisfaction of an antecedent debt can constitute fair consideration]).

In support of their argument that the transfers were not made "in good faith" (Debtor and Creditor Law § 272), petitioners submitted no evidence, relying instead on the presumption that "preferential transfers to directors, officers and shareholders of insolvent corporations in derogation of the rights of general creditors do not fulfill the requirement of good faith" (*Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc.*, 117 AD3d 427, 428-429 [1st Dept 2014]; *see also Matter of CIT Group/Commercial Servs., Inc.*, 25 AD3d at 303; *Matter of P.A. Bldg. Co. v Silverman*, 298 AD2d 327 [1st Dept 2002]). Their reliance is misplaced, since there is no dispositive evidence that NYGFI was insolvent.

We have considered petitioners' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.